**FILED**



*10:55 am, 7/10/19*
**Stephan Harris**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

RUSS FORNEY, *On Behalf Of Himself And Those Similarly Situated,*

      Plaintiff,

vs.

WYOMING PIZZA, INC., *et al.,*

      Defendants,

Case No.  18-CV-0087-NDF

---

### ORDER GRANTING FLSA SETTLEMENT APPROVAL AND DISMISSING CASE WITH PREJUDICE

---

Before the Court is Plaintiff's unopposed motion for final approval of a Fair Labor Standards Act settlement. For the reasons stated below, the Court grants Plaintiff's motion. The Court will retain jurisdiction to enforce the settlement agreement.

### I.      Background

This case was filed as a wage and hour lawsuit brought on behalf of a putative class of pizza delivery drivers. Plaintiff alleges that Defendants under-reimbursed Plaintiff and similarly situated delivery drivers for their expenses related to using their own vehicles to deliver pizzas, and that prior to June 2016, the delivery drivers were improperly paid a tipped wage rate for non- tipped work. Plaintiff brought claims under the Fair Labor Standards Act and Wyoming state law. Defendants deny Plaintiff's allegations and claim they paid him properly.

The parties jointly moved this Court for an order to send notice of this FLSA collective action to 138 putative opt-in Plaintiffs. Doc. 16. The Court granted the parties' request on August 2, 2018. Doc. 17. Thereafter, a total of 22 delivery drivers, including Plaintiff, became party plaintiffs in this action by returning their consent to join form. 29 U.S.C. § 216(b). The Plaintiffs' consent to join forms were filed with the Court. *See* Docket.

After an exchange of information relating to the opt-in Plaintiffs, the parties negotiated the settlement currently before the Court. Doc. 49-1.[1]

## II.    Analysis

### a.    The parties' settlement is fair and reasonable.

When a current or former employee alleges a violation of the FLSA, either the Secretary of Labor must oversee the payment of unpaid wages, or if the employee brings a private action and the parties settle the matter, a district court may enter a stipulated judgment after evaluating the parties' settlement terms for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-1353 (11th Cir. 1982). "To approve an FLSA settlement, the court must determine whether: (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties, and (3) the

---

[1] Although Plaintiff entitled Exhibit 1 to his motion as the settlement agreement "signed by all," the filed copy appears to include signatures of only Plaintiff Russ Forney and Defendant Ruth Moran.  Doc. 49-1. The deadline for responses under the local rules has passed, and the Court did not receive any responses.  Based on the parties' notice of settlement signed by counsel on behalf of all named parties, the Court will not at this time require Plaintiff to file a copy with all signatures.  However, if any party requests enforcement or other action from the Court on the settlement agreement, the moving party shall file a copy of the agreement containing all signatures.

proposed settlement contains an award of reasonable attorney's fees." *Hoffman v. Poulsen Pizza LLC*, No. 15-cv-2640, 2017 WL 25386, *4 (D. Kan. Jan. 3, 2017).

Plaintiff and the opt-in Plaintiffs are pizza delivery drivers who claim they were under- reimbursed for their delivery-related expenses in violation of the FLSA and analogous Wyoming wage laws. The delivery drivers claim they should have been reimbursed for their actual expenses or at the IRS standard business mileage rate. Defendants claim that they have reimbursed Plaintiff and other delivery drivers adequately. Plaintiffs also claim that, prior to June 2016, they were improperly paid a tipped wage rate for hours worked inside the restaurant. Plaintiffs claim that their total possible unpaid wages, by their own calculations, are just over $50,000. The parties' settlement requires Defendants to pay a total of $91,643.35 in exchange for a release of Plaintiffs' claims raised in the lawsuit arising out of facts asserted in this lawsuit. From this settlement, and pursuant to Plaintiff Russ Forney's contingency fee agreement with his counsel, the consent to join forms signed by opt-in Plaintiffs, and case law in this circuit, Plaintiffs' counsel will be paid $30,547.78 in attorneys' fees and will be reimbursed advanced expenses in the amount of $1,256.22.

The settlement was the result of a *bona fide* dispute. Defendants claim they paid Plaintiff properly at all times. Resolution of the reimbursement rate question would have required summary judgment briefing and possibly expert testimony. The parties disagree on the proper methodology for determining minimum wage compliance under the FLSA. The Court is satisfied that there was a *bona fide* dispute between the parties.

The settlement is fair, adequate, and reasonable. The settlement provides

Plaintiffs with a substantial recovery early in the proceeding, without having to spend the substantial time and resources necessary to see the case through to trial, and without the risk of being awarded nothing. Under the circumstances, the settlement is fair, adequate, and reasonable. Finally, as discussed below, the settlement provides for reasonable attorneys' fees and costs.

> **b.  The payment of attorneys' fees, costs, and an incentive award are reasonable.**

When evaluating attorneys' fees, courts in the Tenth Circuit use the percentage of the fund. "Our court typically applies the percentage of the fund method when awarding fees in common fund, FLSA collective actions." *Hoffman*, 2017 WL 25386, *8 (quotations omitted). "A percentage fee from a common fund award must be reasonable and the district court must articulate specific reasons for fee awards demonstrating the reasonableness of the percentage and thus the reasonableness of the fee award." *Id.* at *6 (citing *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir. 1988)). As the District of Kansas explained in another pizza delivery driver case, "[f]ee awards in these cases have ranged from four per cent to 58 per cent of the common fund and resulted in total fee awards ranging from a few thousand dollars to over five million dollars." *Hoffman*, 2017 WL 25386, *8 (quoting *Barbosa,* 2015 WL 4920292, *11).

Here, the award requested here amounts to one-third of the common fund. "This percentage falls within the customary percentage of the fund approved by this Court and also within the customary fee range which counsel appears to charge in similar matters." *Id*. Based on the results achieved, the Court finds this attorneys' fee award to be

reasonable and appropriate under the circumstances.

Plaintiff's counsel also seeks reimbursement of costs associated primarily with filing the case, sending collective action notice, and analyzing Defendants' data, in the amount of $1,256.22. The Court finds these costs reasonable and therefore grants this request.

Finally, Plaintiff Russ Forney seeks an incentive award of $5,000.

> The reasonableness of a service [or incentive] award to a named Plaintiff is not generally listed as a factor to consider when deciding whether to approve a settlement.  Nonetheless, "reasonable incentive payments" have become common for class representatives … and, apparently by analogy, for FLSA named plaintiffs as well.

*Thompson v. Qwest Corp.,* No. 17-CV-1745-WJM-KMT, 2018 WL 2183988, at *3 (D. Colo. May 11, 2018) (citing *Staton v. Boeing*, 327 F.3d 938, 977 (9th Cir. 2003)).

> The factors typically considered when reviewing an incentive award are most commonly stated in the context of certified class actions but the Court will apply them here as well, as adapted. Those factors are: '(1) the actions that the class representative took to protect the interests of the class; (2) the degree to which the class has benefited from those actions; and (3) the amount of time and effort the class representative expended in pursuing the litigation.'

*Thompson*, 2018 WL 2183988 at *3.  In *Thompson,* the court considered a $5,000 incentive award to be "comparatively on the lower end of awards deemed reasonable." *Id. See also Pliego v. Los Arcos Mex. Restaurants, Inc.*, 313 F.R.D. 117, 131 (D. Colo. 2016) ($7,500 award); *Slaughter v. Sykes Enter., Inc.,* No. 17-CV-02038-KLM, 2019 WL 529512, at *8 (D. Colo. Feb. 11, 2019) ($10,000 incentive payment to named plaintiff and smaller incentive payments to certain opt-in plaintiffs were reasonable); *Arledge v. Domino's Pizza, Inc.,* No. 3:16-CV-386-WHR, 2018 WL 5023950, at *6 (S.D. Ohio Oct. 17, 2018)

($10,000 service award was reasonable).  *But see Foster v. Robert Brogden's Olathe Buick GMC, Inc.,* No. 17-2095-DDC-JPO, 2019 WL 1002046, at \*7 (D. Kan. Feb. 28, 2019) (declining to approve $1200 incentive payment and suggesting incentive payment would be limited to $20/hour expended).   Generally, the common fund in cases awarding incentive payments of several thousand dollars appear to be significantly larger than the common fund in this case. However, the Tenth Circuit recognizes incentive payments should not be percentage-based.  *Cf., Chieftain Royalty Co. v. Enervest Energy Inst'l Fund XIII-A, L.P.,* 888 F.3d 455, 468 (10th Cir. 2017), *cert. denied sub nom. Chieftain Royalty Co. v. Nutley,* 139 S. Ct. 482, 202 L. Ed. 2d 388 (2018) (for incentive payments in class actions, "the weight of authority apparently disfavors percentage-based awards").

In this case, Mr. Forney notes he

> researched and contacted a law firm on the other side of the country based on their skill and experience in handling the very claims he sought to assert. He then worked with his counsel to provide information throughout the case, including providing his own approximated mileage documentation when Plaintiff's counsel was attempting to cross-reference Defendants' data. He also worked carefully with his counsel to evaluate the settlement offer being presented to the drivers before agreeing to its terms. Without Mr. Forney's efforts, these 22 drivers would not be receiving the payouts they will soon receive under the Settlement Agreement.

Doc. 49, pp. 16-17.  The $5,000 payment to Mr. Forney is one of the terms in the settlement agreement, and Plaintiff's counsel represents "[t]he opt-in Plaintiffs have been informed of the terms of the proposed settlement. Plaintiffs' counsel has not received any objections regarding the settlement."  Doc. 49, p. 9.  Based on Mr. Forney's stated efforts to advance

6

this litigation, counsel's representation of informing the opt-in plaintiffs of the terms, and the absence of objections, the Court finds the $5,000 incentive award to him is reasonable.

### III.     Conclusion

In light of the foregoing, the Court approves the parties' FLSA settlement agreement and dismisses this case with prejudice. The parties are now directed to fulfill their obligations under the agreement. The Court shall retain jurisdiction to enforce the terms of the parties' agreement.

Dated this <u>10th</u> day of July, 2019.

_____
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE